# MSP PRISONER REQUEST/AUTHORIZATION FOR ELECTRONIC FILING IN THE U.S. FEDERAL COURT FOR THE 9TH CIRCUIT COURT OF APPEALS

Complete this form for documents you want filed in the U.S. Federal Court for the 9th Circuit Court of Appeals

| Prisoner Name (Last, First, M.I.) | Prisoner ID# | Federal Court Case #: |
|---|---|---|
| Briggs, Kevin A. | 2062493 | 24-1316 |

List each document separately

| No. | Document Name/Description of document to be Filed | Number of pages: |
|---|---|---|
| 1 | Petition for Rehearing | 6 |
| 2 | ↳ Plus Exhibit 1 | 2 + 1 cover pg |
| 3 | ↳ | 5 + 1 cover pg. |
| 4 | | |
| 5 | | 15 total |

Documents submitted for filing to the 9th Circuit are matters of public record. They are not considered "legal correspondence" pursuant to MSP Policy 3.3.6 and are not subject to the procedures set forth in MSP Policy 3.3.6(III)(C) or 3.3.6(III)(D).

**YOU DO NOT HAVE THE RIGHT TO BE PRESENT FOR SCANNING**

I hereby certify that the attached filing meets the following criteria: (initial each line):

KB My document is typed or neatly handwritten on 81/2" x 11" paper in black or blue ink on white paper.

KB My document is written on only one side of each sheet of paper.

KB My document has 1" margins at the top, bottom, left and right sides of the page.

KB My document is signed and dated.

KB Each page of my document is clearly numbered.

KB My document is not stapled or otherwise bound.

KB My document does not contain original discovery requests or settlement/mediation statements.

KB My document is enclosed in an appropriate envelope.

Signed: X KBriggs    Date: 5/15/2025

(Prisoner's signature)    (Date submitted to prison officials for scanning)

***STAFF USE ONLY***
Do not write in this box

Date received: 5/16/2025
Date scanned: 5/16/2025
Date originals returned to prisoner: _____

Ninth Circuit Court of Appeals No. 24-1316

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

RICHARD ROE,

Plaintiff-Appellant,

-vs-

CAROLYNN STOCKER, and
DOEs 1-9,

Defendants-Appellees.

---

PETITION FOR REHEARING AND REHEARING EN BANC

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION
DISTRICT COURT NO CV 24-12-H-BMM-KLD

HONORABLE BRIAN M. MORRIS
SENIOR UNITED STATES DISTRICT JUDGE

RICHARD ROE*
Pro Se

*Pseudonym for
Plaintiff-Appellant

SUBMITTED: May 15, 2025

## I. INTRODUCTION

On September 10, 2014, Montana's First Judicial District ordered the destruction of over 90 former delinquent youths' records. Exhibit 2. That order is a sealed record in Montana courts, but currently not under seal in this Court. Under Montana law,

> A destroyed [juvenile] record must... be disposed of in a manner in which confidentiality is protected, which may include disassociating the offense and disposition information from the name of the youth.

Mont. Code. Ann. (MCA) § 41-5-220(2). Furthermore:

> A person who discloses or accesses a formal youth court record ... or a [D]epartment [of Corrections record pertaining to a youth] is guilty of a misdemeanor.

MCA, § 41-5-221. Shockingly, this Court just held that:

> [A district court that publicly disclosed the contents of youth court records made confidential by state law] did not abuse its discretion.

Roe v. Bright, 2025 U.S. App. LEXIS 11631, *1 (9th Cir. 2025).

A. This panel should rehear Roe's appeal, because it overlooked the following point of law:

> Revelation of Roe's name in connection with his sealed and expunged Montana Youth Court record is prohibited by State law, and that prohibition is entitled to FULL FAITH AND CREDIT in this Court.

B. Rehearing en banc is warranted, because this panel's desision conflicts with the U.S. Supreme Court's decision in Allen v. McCurry, 449 U.S. 90, 96 (1980), holding that:

> Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so....

C. Furthermore, the panel conflicts with an authoritative decision of another United States court of appeals, and involves

-1-

a question of exceptional importance, specifically:

> Whether federal courts should be required to consider "when denying anonymity would significantly undermine the interests served" by designating information from prior suits as confidential. Doe v. MIT, 46 F.4th 61, 72 (1st Cir. 2022) (citing Doe v. Bates, 2018 WL 4539034 \*1 (S.D. Ill. 2018), wherein the Court granted leave to proceed anonymously because "revealing his identity would, in effect, unravel the protections afforded to his juvenile record.")

The MIT Court held that courts must consider this factor, but this panel disagreed. This presents a split in the circuits on an issue of exceptional importance. This Court's position on this issue should therefore be decided en banc.

## II. ARGUMENT

A. This Panel Erred in Concluding That Federal Courts Have the Discretion to Reveal Information That is Made Private by State Court Judgments, Because Those Judgments Are Entitled to Full Faith and Credit in Federal Court

Roe argued in his Opening Brief (Doc. 5), pp. 8-15, that the District Court did not have the discretion to reveal information made confidential by state law, because the decisions designating that information as confidential are entitled to full faith and credit. Id. He argued that, alternatively, the District Court abused its discretion. Id., pp. 16-22.

This panel concluded that the District Court did not abuse its discretion without giving any indication that it considered the first argument. While it is true that denial of leave to proceed anonymously is reviewed for an abuse of discretion, "where the district court is alleged to have relied on erroneous legal premises, review is plenary." Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir. 1996). "Thus, issues of law underlying the decision

-2-

[were to be] reviewed <u>de novo</u>."

The panel did not hold that "Montana law permits courts to reveal information about sealed juvenile records," nor did it hold that "Federal courts are free to violate state laws." Instead, it completely glossed over Roe's primary argument, and held that "the district court did not abuse its discretion."

This panel had an obligation to address each of Roe's arguments on the merits and it did not do so. Roe is entitled to a decision on the merits that squarely addresses whether State law which <u>criminalizes</u> the actions Roe has complained of is entitled to have the same force and effect in this Court.

B. Rehearing En Banc is Warranted, Because Declining to Give State Court Judgments the Same Force and Effect in Federal Court That They Have in State Court Violates Supreme Court Precedent

> Congress has provided that judgments shall have the same force and effect in every court throughout the United States that they have in the State where they were rendered. 28 U.S.C. § 1738.

<u>VANDERBILT v. VANDERBILT</u>, 354 U.S. 416, 419 n. 3 (1957).

As applied to the instant case, that means that if Montana law prohibits publicly revealing Roe's name in connection with his sealed and expunged youth court records, then this Court must do the same. This enables Montana's judgments to have "the same force and effect in every court throughout the United States." <u>Id</u>.

The panel's decision to the contrary conflicts with numerous decisions by the United States Supreme Court, including those in <u>Allen</u> and <u>Vanderbilt</u>. As such, rehearing en banc is warranted.

-3-

If Roe put the name of a federal informant in a publicly available document, Roe might reasonably expect to face consequences for the disclosure, even if it occurred in State court, due to the full faith and credit act. Likewise, the district court's revelation of confidential information from Roe's sealed youth court record violated § 41-5-221, MCA, for which Montana law imposes criminal penalties. The panel is okay with this, and considers it to be not an abuse of the court's discretion.

However, the lower court did not have the discretion to violate state or federal law, because state law is still binding upon federal courts. Holding to the contrary violates clearly established Supreme Court precedent.

C. The Panel's Holding That Courts Need Not Consider Whether Denying Leave to Proceed Anonymously Undermines the Interests Served by Prior Actions Designating Information as Private Conflicts With the First Circuit on an Issue of Exceptional Importance

The Court in <u>Doe v. Mass Inst. of Tech.</u>, 46 F.4th 61 (1st Cir. 2022), encouraged courts to consider "four general categories in which party anonymity will be warranted." <u>Id</u>., 71-72.

> The fourth paradigm involves suits that are bound up with a prior proceeding made confidential by law. This concern manifests itself when denying anonymity in the new suit would significantly undermine the interests served by that confidentiality. See, e.g., <u>R.F.M. v. Nielsen</u>, 365 F.Supp. 3d 350, 371 (S.D.N.Y. 2019) (granting pseudymity to non-minor plaintiffs challenging immigration authorities' denial of "special immigrant juvenile" status due to family court adjudications, in part because "related records from the New York Family Courts are protected by law"); <u>Doe v. Bates</u>, 18-1250 ... 2018 WL 4539034, at \*1 (S.D. Ill. Sept. 21, 2018) (granting pseudonym status to plaintiff bringing excessive force claim arising from juvenile detention because "revealing his identity would, in effect, unravel the protections afforded to his juvenile record").

This paradigm not only makes sense, it is based upon sound

-4-

it makes sound law. However, that paradigm is not law in this circuit, a fact that it is time to change.

This Court's controlling precedental case on proceeding anonymously is a quarter of a century old. <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058 (9th Cir. 2000). The Court in <u>Advanced Textile Corp.</u> did not have an opportunity to consider situations such as the present one, where granting leave to proceed anonymously makes all the sense in the world, but may not necessarily fall under the criteria announced therein.

This Court should utilize this opportunity to revise its antiquated decision en banc, so as to more fully encompass the wide variety of situations in which granting leave to proceed anonymously is appropriate. This will improve the law of this circuit, while also avoiding a split with the First Circuit.

It shocks the conscience to think that while courts in the First Circuit must apply common sense in considering "when denying anonymity in the new suit would significantly undermine the interests served by that confidentiality," courts in the Ninth have the "discretion" to reveal information that has been designated confidential by state law.

This Court should resolve this inter-circuit split en banc, and on the side of common sense.

-5-

## III. CONCLUSION

District Courts do not have the discretion to reveal information that has been designated as confidential by State law.

The circuit panel should rehear Roe's case, to squarely address Roe's argument that the Full Faith and Credit Act requires this Court and the District Court to afford the same force and effect to state judgments designating Roe's record as private.

This Court also should rehear Roe's case en banc. This is because failing to afford the same force and effect to state court judgments contravenes clearly established Supreme Court precedent.

Rehearing en bance would also place this Circuit in line with others that have begun requiring their courts to consider whether denying leave to proceed anonymously would undermine the interests served by collateral proceedings where that leave has been granted.

If this Court declines to do these things, this decision could be used as precedent to permit posting the names of federal informants and other confidential information from federal courts in state courts. This Court's refusal to draw a common sense line in the sand could have consequences that reverberate into the future.

EXHIBIT 1

(This is the challenged Order)

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD ROE,

    Plaintiff - Appellant,

v.

CAROLYNN BRIGHT; DOES, 1-9,

    Defendants - Appellees.

No. 24-1316

D.C. No. 6:24-cv-00012-DWM

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 22, 2025**

Before: TASHIMA, GRABER, and H.A. THOMAS, Circuit Judges.

Richard Roe appeals pro se from the district court's order denying Roe's motion for a protective order seeking leave to proceed under a pseudonym and seal all records revealing his identity or information about his juvenile record. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Oliner v.*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

will not consider any claims that were not actually argued in appellant's opening brief." (citation and internal quotation marks omitted)).

Roe's request, set forth in the opening brief, to seal, expunge, or change his name in prior proceedings in this court or the district court is denied.

**AFFIRMED.**

EXHIBIT 2

Order to Destroy*

Five Pages

* This Order is a sealed document under Montana law, and disclosing its contents is a misdemeanor. Mont. Code. Ann. § 46-18-221. However, filing its contents openly in federal court is not an abuse of discretion pursuant to this Court. See Exhibit 1.

MONTANA FIRST JUDICIAL DISTRICT YOUTH COURT,

LEWIS AND CLARK COUNTY

* * * * * * * *

IN THE MATTER OF )

YOUTHS WHO HAVE ATTAINED THE AGE OF 28)

* * * * * * * *

ORDER TO DESTROY

IT IS HEREBY ORDERED that as provided in Section 41-5-604 (4), M.C.A. that the cases listed within this motion be destroyed.

Dated this 10 day of Sept ,2014.

_____
YOUTH COURT JUDGE

5

Sharon Tregidga
Chief Probation Officer
Lewis and Clark County
Courthouse - 228 Broadway
Helena, Montana 59601
(406) 447-8228

MONTANA FIRST JUDICIAL DISTRICT YOUTH COURT,

LEWIS AND CLARK COUNTY

\* \* \* \* \* \* \* \*

IN THE MATTER OF )

YOUTHS WHO HAVE ATTAINED THE AGE OF 28)

MOTION TO DESTROY FILES

\* \* \* \* \* \* \* \*

Pursuant to Section 41-5-216 (3), M.C.A. of the Montana Youth Court Act, State of Montana, Sharon Tregidga, Chief Juvenile Probation Officer, moves the Court for an Order to destroy the files as maintained by this department in the attached addendum.

_____
CHIEF JUVENILE PROBATION OFFICER

1

ATTACHED ADDENDUM - PAGE 1

| FILE: | DOB | CAUSE NUMBER |
|---|---|---|
| Amdahl, Cari | 9/9/86 | DJ 2001-31 |
| Amedee, Darren | 3/13/86 | N/A |
| Bantz, Justin | 4/23/86 | DJ 99-49 |
| Barrera, Stacia | 9/1/86 | N/A |
| Beckman, Jason | 8/8/83 | N/A |
| Bomar, Chandra | 6/21/86 | N/A |
| Bowen, Danielle | 2/25/86 | DJ 2001-70 |
| Boylan, Patrick | 4/13/86 | DJ 2002-98 |
| Brand, Mickey | 5/20/86 | DJ 2001-74 |
| Briggs, Kevin | 1/17/86 | DJ 2003-2 |
| Butler, Jacob | 6/3/86 | DJ 2001-6 |
| Byrd, Jon | 9/10/86 | DJ 2000-65 |
| Castona, Tyler | 5/12/86 | DJ 2003-11 |
| Cole, Chad | 7/23/86 | DJ 2001-43 |
| Cooper, Matt | 6/10/86 | N/A (Broadwater County) |
| Dalin, Chase | 6/17/85 | DJ 2003-20 |
| Davis, Zach | 6/20/86 | SB 2003-75-88 |
| Decker, Samantha | 7/28/86 | N/A |
| Dundas, Tharen | 8/17/86 | N/A |
| Fassett, Michael | | N/A |
| Finch, Michael | 8/31/86 | N/A |
| Franklin, Kielan | 2/28/86 | DJ 2000-100 |
| Freiburg, Jessica | 4/11/86 | SB 2003-75-19 |
| | | DJ 99-101 |
| Fritz, Thomas Aka Fritz, Charles | 2/24/86 | DJ 2001-95 |
| Gardner, Jason | 5/3/86 | DJ 2002-59 |
| Giacometto, Leo | 7/7/86 | DJ 2003-75 |
| Gilbert, Andrew | 2/1/86 | DJ 2001-88 |
| Gordan, Justin | 1/17/86 | DJ 2000-033 |
| Graham, Michael | 3/27/86 | DJ 2000-22 |
| Henderson, Brian | 9/13/86 | SB 2004-75-3 |
| Hernandez, Perla | 2/8/86 | DJ 2003-09 |
| Herrin, Sean | 5/12/86 | SB 2002-75-4 |
| Hewitt, Tad | 3/20/86 | DJ 2001-85 |

2

| | FILE: | DOB | CAUSE NUMBER |
|---|---|---|---|
| 1 | Hines, John | 8/9/86 | N/A |
| 2 | Hofland, Christopher | 9/16/85 | N/A |
| | Hynes, Rory | 9/9/86 | SB 2002-757-5 |
| 3 | Kelly, Chad | | N/A |
| | Ketchum, Alexius | 2/11/86 | DJ 2002-40 |
| 4 | Kincaid, Kevin | 7/22/86 | DJ 99-71 |
| | Koester, Jimmy | 2/13/86 | DJ 2000-23 |
| 5 | Kutzuk, Grace | 7/14/86 | N/A |
| 6 | Ledeau, Landon | | N/A |
| | Lesh, William | 9/28/86 | DJ 2001-83 |
| 7 | Lindblom, Nicole | 9/12/86 | DJ 2000-92 |
| | Lindzey, John | 8/25/86 | DJ 2000-32 |
| 8 | Loppie, Stacie | 6/12/86 | DJ 2002-89 |
| | Melbourne, Darwin | 9/23/86 | DJ 2001-52 |
| 9 | Miller, Sarah | 9/24/86 | SB 2003-75-72 |
| 10 | Mitchell, Christine | | SB 2003-75-72 |
| | Morand, Ian | 4/11/86 | DJ 1999-73 |
| 11 | Myhr, Tami | 2/25/86 | DJ 2002-117 |
| | Nicholas, Jack | 4/22/86 | SB 2003-75-87 |
| 12 | Nicholls Michele | | |
| 13 | Aka Peterson, Michele | 2/14/86 | DJ 2003-18 |
| | Overton, Brayton | 5/11/86 | N/A |
| 14 | Parriman, Cory | 8/21/86 | DJ 2003-57 |
| | Peres, Tyler | 5/11/86 | SB 2003-75-42 |
| 15 | Perino, Michael | 3/14/84 | DJ 2001-65 |
| | Perry, Clark | 3/4/86 | DJ 2000-54 |
| 16 | Perry, Derek | 1/15/86 | N/A |
| | Pigman, Carrie | 9/17/86 | DJ 2002-119 |
| 17 | Poma, Cecil | 5/7/84 | DJ 1996-50 |
| 18 | Aka Morrow, Cecil | | |
| | Pullen, Gina | 2/7/86 | DJ 2000-91 |
| 19 | Ross, Brandon | 1/13/86 | DJ 2003-04 |
| | Salminen, Matthew | 6/4/86 | DJ 2002-120 |
| 20 | Sattler, Steven | 8/22/86 | DJ 2001-84 |
| | Schwartz, Shadai | 7/20/86 | N/A |
| 21 | Sheets, Kaylene | 9/23/86 | DJ 2003-25 |
| | Sheldon, Joseph | 4/25/86 | DJ 2000-19 |
| 22 | Simmons, Anthony | 3/13/86 | DJ 2002-92 |
| 23 | Simmons, Jamie | 7/30/86 | DJ 2004-17 |
| | Smith, Anna | 7/9/86 | DJ 2003-47 |
| 24 | Soelter, Jake | 5/15/86 | DJ 2003-55 |
| | Stefanik, Levi | 4/22/86 | DJ 97-022 |
| 25 | | | |

| FILE: | DOB | CAUSE NUMBER |
|---|---|---|
| Steffen, Jessie | 4/5/86 | N/A |
| Stokes, Sean | 1/19/86 | DJ 2000-60 |
| Tarinelli, Haley | 6/14/86 | N/A |
| Timmons, Ryan | 9/19/85 | DJ 2002-87 |
| Tipton, Chris | 5/26/86 | DJ 1998-89 |
| Tynan, Michael | 8/27/86 | DJ 2002-106 |
| Valverde, Jessica | 5/15/86 | DJ 2002-85 |
| Wagner, Jack | 4/16/86 | DJ 2002-37 |
| Waite, Shannell | 3/29/86 | DJ 2002-121 |
| Waldbillig, Andrew | 9/14/86 | DJ 2001-20 |
| Walker, Donald | 1/22/86 | DJ 2002-12 |
| Watkins, Roisin | 1/30/86 | SB 2003-75-20 |
| Wiens, William | 7/26/85 | DJ 2002-51 |
| Willoughby, Amber | 6/29/86 | DJ 2002-118 |
| Yankey, Timothy | 1/1/86 | DJ 2001-33 |
| Zitnik, Ryan | 8/15/86 | DJ 2001-41 |

MONTANA FIRST JUDICIAL DISTRICT YOUTH COURT,

LEWIS AND CLARK COUNTY

* * * * * * *

IN THE MATTER OF )

YOUTHS WHO HAVE ATTAINED THE AGE OF 28)

* * * * * * *

ORDER TO DESTROY

IT IS HEREBY ORDERED that as provided in Section 41-5-604 (4), M.C.A. that the cases listed within this motion be destroyed.

Dated this ___10___ day of ___Sept___, 2014.

_____
YOUTH COURT JUDGE

5